**UNITED STATES of America**

v.

**Jeff MARTINELL.**

**Crim. No. 85–00011.**

United States District Court,
M.D. Pennsylvania.

Feb. 22, 1985.

Timothy B. Haney, Asst. U.S. Atty., Harrisburg, Pa., for the U.S.

Mark Love, Stroudsburg, Pa., for defendant.

MEMORANDUM AND ORDER

NEALON, Chief Judge.

On January 10, 1985 the defendant was indicted for a violation of the Lacey Act, 16 U.S.C. §§ 3372(a)(2)(A) and 3373(d)(1)(B). The indictment alleges that the defendant knowingly transported and sold in interstate commerce from Maine to Pennsylvania two black bears with a market value in excess of three hundred and fifty dollars knowing that the wildlife was taken, possessed, transported and sold in violation of the laws of Maine. The defendant filed a Motion to Quash the Indictment dated February 7, 1985 along with a brief in support thereof. On February 19, 1985, the Government filed an Opposition Brief. The motion is now ripe for disposition. For the reasons set forth below, the defendant's Motion to Quash will be denied.

Under Maine law it is illegal to buy, sell or offer to sell bear, Me.Rev.Stat.Ann. tit. 12, § 7452(9)(A). The Government alleges that the defendant traveled to Maine with the intent to hunt bear and to bring the bears back to Pennsylvania to sell them to undercover agents of the United States Fish and Wildlife Service. This understanding between defendant and the agents allegedly occurred prior to defendant's trip to Maine. The Government also contends that the defendant knew it was a violation of Maine state law to sell the bear.

Section 3372(a)(2)(A) of the United States Code Title 16 provides, *inter alia:*

It is unlawful for any person— ...

(2) to import, export, transport, sell, receive, acquire, or purchase in interstate or foreign commerce—

(A) any fish or wildlife taken, possessed, transported, or sold in violation of any law or regulation of any state....

In addition, § 3373(d)(1)(B) provides criminal penalties in the nature of a felony for,

(1) Any person who— ...

(B) violates any provision of this chapter ... by knowingly engaging in conduct that involves the sale or purchase of, the offer of sale or purchase of, or the intent to sell or purchase, fish or wildlife or plants with a market value in excess of $350....

The Government avers that the defendant satisfies the requirements of § 3373(d)(1)(B) in that he transported and sold two bears in violation of Maine law and that he sold the bears for a sum in excess of $350 with knowledge that the sale violated a state law. The defendant, however, contends that the exception section, 16 U.S.C. § 3377(c) prohibits the application of the above cited sections to interstate shipments of legally taken wildlife through a state if the shipment is en route to a state in which the wildlife may be legally possessed.[1] Accordingly, it is the defendant's position that since it is legal to possess bear in Pennsylvania, if he has sold the bear within Pennsylvania he may have violated the laws of the Commonwealth but that he has not violated any federal law.

The court agrees with the Government's interpretation of § 3377(c), that it is only the transportation through a state in violation of that state's law to which the exception applies. *See* S.Rep. No. 97–123 at 17, 1981 U.S.Code Cong. and Adm.News 1748, 1764. For example, if the defendant had legally taken the bears in Maine and only transported them to Pennsylvania through New Jersey, where New Jersey prohibited possession of bears, there would initially be a violation of the Lacey Act. The exception section would apply because the only offense involves the shipment of the bear through New Jersey en route from a state where it was legally taken to a state where it may be legally possessed. Therefore, in that case, there would be no violation of the Act. In the case *sub judice,* however, the Government alleges the defendant captured the bears in Maine in order to sell them in Pennsylvania thereby violating Maine law and the Lacey Act. The exception section in this situation would not apply to bar prosecution because the violation of state law was more than merely the act of transporting the bear through a state which prohibited its possession. Accordingly, the defendant's Motion to Quash the Indictment will be denied.

An appropriate Order will enter.

---

**1.** Section 3377(c) provides:
Interstate Shipment or Transportation through Indian Country of Fish, Wildlife, or Plants for Legal Purposes.
The provisions of paragraph (2) of section 3372(a) of this title shall not apply to the interstate shipment or transshipment through Indian country as defined in section 1151 of Title 18 or a State of any fish or wildlife or plant legally taken if the shipment is en route to a State in which the fish or wildlife or plant may be legally possessed.
16 U.S.C. § 3377(c).